**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**DEMETRIUS FLOWERS**                                                                 **PLAINTIFF**


**v.**                           **CASE NO. 3:05-CV-00244 GTE**


**MICHAEL YATES, in his official capacity as**
**Chief of Police of the Jonesboro Police Department,**
**and JACK McCANN, in his official capacity as**
**Sheriff of Craighead County**                                                      **DEFENDANTS**


**ORDER ON MOTION FOR SUMMARY JUDGMENT**

        Presently before the Court is the Motion for Summary Judgment filed by Separate County

Defendant, Sheriff Jack McCann, as Sheriff of Craighead County, in his official capacity.  Also

before the Court is Defendant Michael Yates' Motion to Adopt the Motion for Summary

Judgment.

**I.      Background**

        On October 25, 2005, Plaintiff filed his Complaint in this matter alleging that the Chief of

Police of the Jonesboro Police Department and the Sheriff of Craighead County, in their official

capacities, continue to arrest him on false charges for criminal trespass.  On January 6, 2006,

Plaintiff filed his Amended Complaint stating that the police "keep charging [d]isorderly

condu[t] and criminal tr[e]spass [a]nd I don't have a history of that."  He further states that he

believes the police continue to charge him with these crimes because he thinks that the sheriff

and police departments are trying to kill him."  He states that when he is walking down the street,

1

something happens to him and they drag him on their property.  Plaintiff alleges that he has

witnesses about his case because those witnesses were wondering why he went to jail.  The Court

denied Plaintiff's Motion to Appoint Counsel on March 27, 2006.  On August 10, 2006,

Defendant McCann filed his Motion for Summary Judgment.  On August 24, Defendant Yates

filed a Motion to Adopt Defendant McCann's Motion for Summary Judgment.  On October 18,

2006, and January 10, 2007, the Court denied Plaintiff's Second and Third Motions to Appoint

Counsel.  Plaintiff has failed to respond to the pending motion for summary judgment.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when, in reviewing the evidence in the light most

favorable to the non-moving party, there is no genuine issue as to any material fact, so that the

dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir.

1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in

determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a
> need for trial-- whether, in other words, there are genuine factual issues that
> properly can be resolved only by a finder of fact because they may reasonably be
> resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986).

The Eighth Circuit set out the burdens of the parties in connection with a summary

judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate,
> i.e., '[to] point[] out to the District Court,'that the record does not disclose a
> genuine dispute on a material fact.  It is enough for the movant to bring up the fact
> that the record does not contain such an issue and to identify that part of the
> record which bears out his assertion.  Once this is done, his burden is discharged,
> and, if the record in fact bears out the claim that no genuine dispute exists on any

2

material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Id*. at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988)) (citations omitted)(brackets in original).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim.  *Id*.

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. Rule 56(e).  The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial.  *Celotex Corp.*, 477 U.S. at 322.

**III.  Discussion**

The claims against Sheriff McCann and Chief Yates in their official capacities are essentially claims against Craighead County and the City of Jonesboro.  *See Liebe v. Norton,* 157 F.3d 574, 578-79 (8th Cir. 1998); *Marley v. Crawford County, Arkansas*, 383 F. Supp. 2d 1129, 1132 (W.D. Ark. 2005).  In order to hold a municipality liable under section 1983, a plaintiff

must establish that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the county's officers],"or that a "constitutional deprivation [was] visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Marchant v. City of Little Rock, Ark.*, 741 F.2d 201, 204 (8th Cir. 1984) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978)).

Defendants McCann and Yates state that the Plaintiff has been arrested approximately forty times in Craighead County since 1996, but that officers of Craighead County have only arrested the Plaintiff three times.  The remaining arrests were conducted by officers of the Jonesboro Police Department.  Defendants further state that officers of Craighead County have never arrested Plaintiff for Disorderly Conduct or Criminal Trespass.  Therefore, Separate Defendant McCann argues that Plaintiff has failed to allege an affirmative act on the part of the Separate County Defendant which has caused the Plaintiff the constitutional deprivation he alleges in his Complaint.

Defendants McCann and Yates argue that, as a threshold matter, Plaintiff cannot prove any underlying constitutional violation because Plaintiff cannot offer any proof to show that either Defendant violated Plaintiff's constitutional rights.  Defendants further argue that Plaintiff is unable to show that any unconstitutional policy or custom of Craighead County or the City of Jonesboro directly caused his alleged injury.  In the Statement of Undisputed Facts signed by Sheriff McCann, Defendants state, "It is the policy of the Craighead County Sheriff's Department to arrest individuals who are in violation of the criminal laws of Arkansas only after establishing

4

probable cause to make the arrest," and "Sheriff Jack McCann has never arrested Plaintiff Flowers for Disorderly Conduct or Criminal Trespass."  In his affidavit, Defendant Yates states, "It is the policy of the Jonesboro Police Department to arrest individuals who are in violation of the criminal laws of Arkansas only after establishing probable cause to make the arrest," and "I have never arrested the Plaintiff, Demetrius Flowers, for disorderly conduct or criminal trespass."

The Court finds that summary judgment is appropriate in this case.  Defendants have demonstrated that the record does not disclose a genuine dispute on a material fact, and the Plaintiff has failed to set forth specific facts showing that there is a genuine issue for trial, as he has completely failed to respond.

Accordingly,

IT IS HEREBY ORDERED THAT the Motion to Adopt (Docket No. 43) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (Docket No. 39) be, and it is hereby, GRANTED.  The Complaint is dismissed with prejudice.

IT IS SO ORDERED THIS 20th day of February, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE